## Davis Unemployment Compensation Case.

Argued December 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Richard S. Mailman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., January 16, 1962:

This is an unemployment compensation appeal wherein the Bureau of Employment Security awarded benefits but, on appeal, the referee reversed the bureau and the Unemployment Compensation Board affirmed this action and denied benefits on the ground that the

claimant's unemployment was due to his discharge for willful misconduct in connection with his work under the provisions of §402(e) of the Unemployment Compensation Law, 43 PS §802(e).

The claimant, Samuel Davis, was last employed by Berk Industries, Inc., Philadelphia, Pennsylvania, on March 31, 1961, as a jig boring machine operator, at $2.85 an hour. He had been so employed for nine months. The board found as a fact that, "Over the period of claimant's employment for Berk Industries, Inc. he repeatedly and continually encouraged co-employees to leave their employment; told his employer that other employees were dissatisfied with their employment when such was not the case; and circulated false rumors concerning co-employees among others at his place of employment; and generally undermined employee relations at his place of employment." The board also found that he had been warned of these activities but continued them.

Although the claimant denied the charged activities and despite some conflict of testimony, there is competent evidence to support the findings in this record. The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the board. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955). In this case the misconduct was clearly against the employer's interest; was deliberately and flagrantly in disregard of the standards of behavior which the employer had the right to expect of his employee; and clearly constitutes willful misconduct under the law as decided many times by this Court. *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A. 2d 410 (1958); *Koble Unemployment Compensation Case,* 190 Pa. Superior Ct. 565, 155 A. 2d 223 (1959).

Decision affirmed.